UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARRY J. CARRABY**  CIVIL ACTION

**VERSUS**  NO. 16-2068

**STATE OF LOUISIANA**  SECTION: "N"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Harry J. Carraby, is a state prisoner incarcerated at the Richwood Correctional Center in Richwood, Louisiana. On March 18, 2010, he was convicted of manslaughter under Louisiana law.[1] On August 18, 2010, he was sentenced to a term of twenty years imprisonment.[2] On February 14, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction and

---

[1] State Rec., Vol. 1 of 10, minute entry dated March 18, 2010; State Rec., Vol. 8 of 10, jury verdict form.
[2] State Rec., Vol. 6 of 10, transcript of August 18, 2010; State Rec., Vol. 1 of 10, minute entry dated August 18, 2010.

sentence.³  The Louisiana Supreme Court then denied his related writ application on October 12, 2012.⁴

After his conviction became final, petitioner filed numerous, overlapping post-conviction applications and motions in the state courts.⁵  Of primary importance, petitioner filed an application for post-conviction relief with the state district court on December 3, 2012.⁶  That application was denied on October 18, 2013.⁷  His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 22, 2014,⁸ and by the Louisiana Supreme Court on May 1, 2015.⁹  While those proceedings were pending, he also filed various other motions and applications, all of which were denied.¹⁰

---

³ State v. Carraby, 88 So.3d 608 (La. App. 5th Cir. 2012); State Rec., Vol. 6 of 10.

⁴ State ex rel. Carraby v. State, 99 So.3d 37 (La. 2012); State Rec., Vol. 7 of 10.

⁵ Petitioner also filed such motions even before his conviction became final.  However, because those motions do not affect the timeliness of his federal application, they are not summarized herein.  Petitioner also repeatedly wrote letters to the presiding judge requesting leniency.  In that those letters do not qualify as properly filed motions, they likewise are not summarized.

⁶ State Rec., Vol. 7 of 10.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to this *pro se* application, the Court will simply use the signature date of the application as the filing date, in that the application was obviously placed in the mail no earlier than the date it was signed.  The undersigned further notes that, due to confusion over whether that December 3 application was received by the state district court, petitioner apparently refiled the application on February 5, 2013.  State Rec., Vol. 7 of 10.

⁷ State Rec., Vol. 7 of 10, Reasons for Denial dated October 18, 2013.

⁸ State v. Carraby, No. 14-KH-312 (La. App. 5th Cir. May 22, 2014); State Rec., Vol. 7 of 10. On June 9, 2014, the Court of Appeal also refused petitioner's request for rehearing.  State v. Carraby, No. 14-KH-312 (La. App. 5th Cir. June 9, 2014); State Rec., Vol. 8 of 10.

⁹ State ex rel. Carraby v. State, 169 So.3d 368 (La. 2015); State Rec., Vol. 7 of 10.

¹⁰ For example, those motions included: (1) motion for sentence modification, filed on October 1, 2013, denied on October 25, 2013; (2) motion for sentence modification, filed on January 14, 2014, denied on February 24, 2014; (3) motion for sentence reduction or amendment, filed on April 21, 2014, denied on May 9, 2014; (4) writ of habeas corpus, filed on September 17, 2014, denied on October 3, 2014; and (5) motion to amend and/or reduce sentence, filed on September 17, 2014, denied on October 1, 2014, related writ application denied by the Louisiana Fifth Circuit Court of Appeal on March 11, 2015.  Copies of these motions and rulings can be found in Volume 7 of the state court record.

On February 24, 2016, petitioner filed the instant federal application seeking habeas corpus relief.[11]  The state filed a response in opposition,[12] and petitioner filed a reply to the state's response.[13]

### **Timeliness**

Although opining in its response that "Petitioner has manipulated the system by filing a series of repetitive pleadings,"[14] the state appears to concede that the application is nevertheless timely.  However, in the event the state is not actually conceding timeliness, the undersigned notes that the application should in fact be considered timely for the following reasons.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[15]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

---

[11] Rec. Doc. 4.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on February 24, 2016.  Rec. Doc. 4, p. 28.
[12] Rec. Doc. 10.
[13] Rec. Doc. 11.
[14] Rec. Doc. 10, p. 6.
[15] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

3

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).  Here, the Louisiana Supreme Court denied petitioner's direct-review writ application on October 12, 2012.  As a result, his state criminal judgment became final for AEDPA purposes ninety days later on January 10, 2013.

However, commencement of the federal limitations period in the instant case was further delayed pursuant to the AEDPA's tolling clause, which provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Specifically, prior to his conviction even becoming final for AEDPA purposes, petitioner had already tolled the limitations period by filing his state post-conviction application on December 3, 2012.  Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  The state does not argue that petitioner's related writ applications were untimely filed, and, accordingly, the Court finds that the federal limitations period remained tolled until the Louisiana Supreme Court denied relief on May 1, 2015.[16]

Therefore, the federal statute of limitations finally commenced on that date, and so petitioner thereafter had one year in which to file his federal application.  Because he filed his federal application less than ten months later on February 24, 2016, it is timely.

---

[16] The undersigned is aware that the state could have contended that tolling was interrupted due to the fact that, as explained *infra*, petitioner's related writ application filed in the Louisiana Fifth Circuit Court of Appeal failed to comply with the court's rules.  Therefore, it could perhaps be argued that the application was not "properly filed" for tolling purposes.  See, e.g., Kennedy v. Tanner, Civ. Action No. 14-6552015 WL 1758022, at *3 n.22 (E.D. La. Apr. 17, 2015).  However, the state does not make that argument in its response, and the undersigned declines to raise it on the state's behalf, especially in light of the fact that petitioner's application is subject to dismissal on the alternative ground that he failed to exhaust his remedies in the state courts.

**Exhaustion**

Although not appearing to challenge the application's timeliness, the state does argue that petitioner's application should nevertheless be dismissed because not all of his claims are exhausted. The state is correct.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). As a result, to determine exhaustion, this Court must compare the claims in petitioner's federal application to those asserted in his state court filings to ensure that *each* claim was asserted at *each* of the three levels of the state court system.

In his federal application, petitioner asserts the following eleven claims:

1. Petitioner received ineffective assistance of counsel at trial;

2. Petitioner received ineffective assistance of counsel on appeal;

3. The trial court erred in failing to grant a mistrial during opening statements;

4. The trial court erred in failing to dismiss two jurors during voir dire;

5. The trial court erred in failing to grant a "for cause" challenge to a juror;

6. A witness tampered with the evidence;

7. Two witnesses committed perjury;

      8.      Petitioner is deserving of leniency;

      9.      The evidence was inconclusive;

      10.     Petitioner acted in self-defense; and

      11.     Petitioner was wrongly denied post-conviction relief.

In the state courts, petitioner sought only two *complete* rounds of review in the three levels of the state-court system. Specifically, he did so once on direct review and then once on collateral review.

On direct review, petitioner asserted only two claims, i.e. that he acted in self-defense and that his sentence was excessive. Therefore, it appears that only one of petitioner's eleven federal claims was exhausted on direct review: his tenth claim arguing that he acted in self-defense.[17]

Although petitioner thereafter filed numerous collateral review applications and motions, he pursued only one such application, specifically the one filed on December 3, 2012, through all three levels of the state court system. In that December 3 application, petitioner asserted only four claims: his trial counsel was ineffective; his appellate counsel was ineffective; the trial court erred in failing to grant a mistrial during the opening statements; and two jurors should have been dismissed during voir dire. Those four claims obviously mirror the first four claims asserted in petitioner's federal application.

Nevertheless, although petitioner asserted those four claims in the December 3 application filed in the *state district court*, and although he sought supervisory review of the district court's denial of relief on October 18, 2013, that does not necessarily mean that the claims were exhausted

---

[17] Although an excessive sentence claim would also be exhausted, petitioner does not reassert that claim in his federal application.

in the state's higher courts as required by federal law. On the contrary, it is clear that claims are exhausted *only* if they were presented to the state courts "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (internal quotation marks omitted).

Here, the record reflects that these four claims were never properly presented to the Louisiana Fifth Circuit Court of Appeal for review. In fact, in denying relief, the Court of Appeal held:

> Relator Harry Carraby's writ application fails to comply with the requirements of U.R.C.A., Rule 4-5. We find that relator has attached only copies of the trial court's October 18, 2013 ruling along with his application for post-conviction relief and other exhibits in this writ application. *However, relator has failed to include any assignments of error and a memorandum of law in support of his application necessary to properly adjudicate this application.* As relator's current filing is deficient with regard to the requirements for filing a writ application as set forth in U.R.C.A, Rule 4-5, (C)4 and (5), we hereby deny this writ.[18]

Because petitioner failed to assert *any* assignments of error for the Court of Appeal to review, and in light of the fact that the court expressly and unequivocally denied relief on that basis, he cannot reasonably argue that claims 1, 2, 3, and 4 were ever properly presented to the Louisiana Fifth Circuit Court of Appeal. *For that reason alone*, those four claims remaining claims are clearly unexhausted. See Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *2-3 (E.D. La. Apr. 23, 2014).[19]

---

[18] State v. Carraby, 14-KH-312 (La. App. 5th Cir. May 22, 2014) (emphasis added); State Rec., Vol. 7 of 10.

[19] The fact that petitioner attached his original post-conviction application and the lower court's ruling to his writ application does not dictate a different result. On the contrary, the United States Supreme Court has noted: "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 31-32 (2004); accord Evans, 2013 WL 2154124, at *3-4.
 Moreover, petitioner's error was arguably repeated in his related filing in the Louisiana Supreme Court. In that application, which was docketed in Case No. 2014-KH-1380 and appears in Volumes 8-10 of the state court record, petitioner merely filed a one-page "Writ Application Filing Sheet" along with a motion for an extension of

Finally, *even if* petitioner had properly exhausted claims 1, 2, 3, and 4, it is beyond cavil that claims 5, 6, 7, 8, 9, and 11 are unexhausted. In fact, petitioner actually concedes that those claims are unexhausted, explaining that they were discovered only after the Louisiana Supreme Court denied his collateral-review writ application.[20]

In light of the foregoing, the undersigned finds that only claim 10, i.e. that petitioner acted in self-defense, is even arguably exhausted. Because petitioner's instant federal application therefore includes one exhausted claim and ten unexhausted ones, it should be dismissed without prejudice as a "mixed" petition. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that federal application for habeas corpus relief filed by Harry J. Carraby be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

time, a later "motion" complaining that he did not have access to adequate law library, and various attachments from the lower courts. Again, there is no indication that he ever set forth and asked the Louisiana Supreme Court to review these four specific claims. Further, he has pointed to no authority suggesting that the justices of that court would have, unasked, reviewed those claims, and there is simply no reason to believe they in fact did so.

[20] See Rec. Doc. 4, pp. 12-25. In that concession, petitioner also opines that his self-defense claim is unexhausted; however, as noted, the undersigned finds that the self-defense claim was exhausted on direct review.

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[21]

New Orleans, Louisiana, this thirtieth day of November, 2016.

                                                           *Daniel E. Knowles, III*
                                                           **DANIEL E. KNOWLES, III**
                                                           **UNITED STATES MAGISTRATE JUDGE**

---

[21] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.